The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May the Teacher's Retirement System permit an individual, otherwise eligible for membership in the Teacher's Retirement System but for whom no deductions have been made to contribute for the years no deductions were made on his behalf and receive retirement benefits from the system on the basis of those years? Eligibility for membership in TRS is defined by statute and the rules of the Board of Trustees. Title 70 O.S. 17-103 [70-17-103] (1979) and its antecedents have consistently required membership of all "classified personal," 70 O.S. 17-103 [70-17-103](1). "Classified Personnel" is defined at 70 O.S. 17-101 [70-17-101](3) to include: ". . . any teacher, principal, superintendent, county superintendent, supervisor, administrator, librarian, certified or registered nurse, college professor, or college president whose salary is paid wholly or in part from public funds. An employee of any state department, board, board of regents or board of trustees, who is in a supervisory or an administrative position, the function of which is primarily devoted to public education, shall be considered classified personnel under the meaning of this act, at the discretion of the Board of Trustees of the Teachers' Retirement System . . . ." The statutes also permit membership of all "nonclassified optional personnel" with more than one year of service as the Board of Trustees may allow by rule or regulation, 70 O.S. 17-103 [70-17-103](2). "Nonclassified optional personnel" are defined at 70 O.S. 17-101 [70-17-101](4) to include: ". . . cooks, janitors, maintenance personnel not in a supervisory capacity, bus drivers, noncertified or nonregistered nurses, noncertified librarians, and clerical employees of the public schools, state colleges, universities or any state department, board, board of regents or board of trustees, the functions of which are primarily devoted to public education and whose salaries are paid wholly or in part from public funds." By statute and rule of the TRS, colleges and universities of the Oklahoma System of Higher Education are permitted to designate all professors, administrators in administrative capacities or supervisory capacities as classified personnel who are required to be members of TRS. Participation by nonclassified optional employees in TRS is discretionary. Assuming TRS rules would permit participation, the burden of seeking membership is entirely on the nonclassified optional employee. Any prejudice resulting from a failure to ascertain membership requirements and proper compliance with membership application procedures are entirely attributable to omissions on the part of the nonclassified optional employees. TRS is under no obligation to nonclassified optional personnel who have not taken such steps as are necessary to secure membership. The situation is entirely different, however, if the claimant is a classified employee. Classified personnel "shall become members of the retirement system as a condition of their employment." 70 O.S. 17-103 [70-17-103](1). If a person is a classified employee, more than ten years from retirement age, deductions for membership are mandatory. The duty to deduct arises at the time of employment and is imposed on the employer. Title 70 O.S. 17-108 [70-17-108](1)(a) (1971), since amended. The failure to deduct for a classified employee is an error on the part of the employing state agency. The law governing TRS provides for the correction of errors in 70 O.S. 17-110 [70-17-110], which states in pertinent part: ". . . Should any charge or error in the records result in any member or beneficiary receiving from the retirement system more or less than he would have been entitled to receive had the records been correct, the Board of Trustees shall correct such error, and so far as practicable, shall adjust the payment in such a manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid, and to take from the Interest Fund sufficient to reimburse the Fund where an overpayment had already been made, and any such overpayment recovered from the member shall be placed in the Interest Fund." On two prior occasions, the Attorney General has issued opinions relative to 70 O.S. 17-110 [70-17-110]. In the first case, TRS did not send a member retirement application forms when those forms should have been transmitted. Att'y Gen. Op. No. 64-405. On authority of 70 O.S. 17-10 [70-17-10] (1961) now 70 O.S. 17-110 [70-17-110], the Attorney General held the late application should be considered as having been made when properly due as the delay was through no fault of the retiree. In the second opinion, the employer miscalculated the proper deduction for the member over a number of years causing there to be substantial smaller deductions. Relying upon 70 O.S. 17-110 [70-17-110], the Attorney General's Opinion (No. 71-207) states in pertinent part: "These provisions along with the general common law that any error may be corrected unless otherwise prohibited by law, is sufficient authority for the Board of Trustees to receive the appropriate payments from the affected teachers and to adjust the records accordingly. It would not appear that the teacher would be required to pay any more than would actually have been deducted and would not be charged any interest for the years during which such amount would have been on deposit with the Teachers Retirement Fund. Not only is the teacher absent of fault with respect to the error in the amount of deduction, it would appear that the intent of 70 O.S. 17-110 [70-17-110] (1979) is that the interest fund is to bear the expense of the 'employer's' error." Therefore, it is the official opinion of the Attorney General that the Board of Trustees of the Teachers' Retirement System when presented with a request for membership by an individual required to be a member as a classified employee but for whom no deductions on employer contributions have been made, the Teachers' Retirement System must, upon tender by the applicant of all employee contributions for the omitted years, accept the applicant for membership in the Teachers' Retirement System and credit those years to the applicant's retirement account paying for any deficiencies by reason of non-contribution by the employer from the Interest Fund. (JOHN F. PERCIVAL) (ksg)